# UNITED STATES DISTRICT COURT
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SEAN GRAHAM, ) | |
| ) | No. 14-cv-00131 |
| Plaintiff, ) | |
| ) | Judge Marvin E. Aspen |
| v. ) | |
| ) | |
| SPIREON, INC., a foreign corporation, ) | |
| ) | (Jury Demanded) |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Sean Graham is a former employee of Spireon, Inc. ("Spireon"). Spireon is a Tennessee corporation, headquartered in California, which sells GPS tracking devices to clients located throughout the United States. Graham has sued Spireon, alleging that Spireon terminated his employment in retaliation for reporting and opposing alleged sexual harassment within the company. Currently before us is Spireon's motion to dismiss, or in the alternative, to transfer to the Eastern District of Tennessee under 28 U.S.C. § 1406(a). As we explain below, we find that venue is proper in this district and deny Spireon's motion.

### A. Factual Background

Spireon employed Graham as Sales Manager, Strategic Accounts Division. (Compl. ¶ 6.) EnfotraceGPS, Inc., a corporation that merged with Spireon in March of 2012, originally employed Graham. (Mem., Ex. A, Spellman Aff. ¶ 13.) As evidence of Graham's employment, Spireon has submitted an Employment Agreement, dated February 16, 2011, between Graham and EnfotraceGPS. (Mem., Ex. C.) While Spireon's offices are located in California and Tennessee, Graham was allowed to work remotely. (Mem., Ex. A, Spellman Aff. ¶¶ 7, 17.)

Graham's main sales account while employed with Spireon was J.D. Byrider, a used car dealership that also supplies car loans to its clients. (*Id*. ¶ 22.) J.D. Byrider has its corporate offices in Indiana, with several franchise locations throughout Illinois. (Resp., Ex. A, Graham Aff. ¶ 10.)

The parties disagree about whether Graham visited J.D. Byrider's Illinois locations while employed by Spireon. (Mem., Ex. A, Spellman Aff. ¶ 23; Resp., Ex. A, Graham Aff. ¶ 10.) Spireon maintains that Graham's records, while employed by Spireon, list his residence as California and then Florida. (Mem., Ex. A, Spellman Aff. ¶ 27.) Graham, however, states that he was living and working from his home in Plainfield, Illinois during his tenure with Spireon. (Resp., Ex. A, Graham Aff. ¶¶ 1, 10).

Spireon terminated Graham on or around June 30, 2012, a month after the last incident of harassment that Graham reported. (*Id*. ¶ 21.) Ronnie Spellman, Spireon's Director of Human Resources, called Graham from California to notify him of his termination. (Mem., Ex. A, Spellman Aff. ¶ 27.) Graham states that he was in Illinois when he received this call, (Resp., Ex. A, Graham Aff. ¶ 12), and alleges that Spireon discharged him in retaliation for reporting incidents of sexual harassment in violation of Title VII of the Civil Rights Act of 1964, (Compl. ¶ 23)(citing 42 U.S.C 2000e-3)).[1]

### B. Discussion

On a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), a plaintiff carries the burden of establishing that the selected venue is proper. *Digan v. Euro-American Brands, LLC*, No. 10-cv-799, 2010 WL 3385476, at *2 (N.D. Ill. 2010) (citing *Interlease Aviation Investors II (Aloha) LLC. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898,

---

[1] Graham filed a charge with the Equal Employment Opportunity Commission ("EEOC") and has received a right to sue letter from the EEOC office located in Chicago, Illinois.

913 (N.D. Ill. 2003)). When examining the facts in a venue question, a court may look beyond the facts alleged in the complaint. *Cox v. Nat'l Football League*, No. 97 C 3741, 1997 WL 619839, at *1 (N.D. Ill. Sept. 29, 1997) (citing *Karlberg European Tanspa, Inc. v. JK–Josef Kratz Vertriebsgeselischaft MbH*, 699 F. Supp. 669, 770 (N.D. Ill. 1988)). If there are factual disputes in the parties' submissions, the court must determine those conflicts "in favor of the plaintiff and draw any reasonable inferences from those facts in the plaintiff's favor." *Cox,* 1997 WL 619839, at *1 (citing *J. Walker & Sons, Ltd. v. DeMert & Dougherty, Inc.*, 821 F.2d 399, 402 (7th Cir. 1987); *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1215 (7th Cir. 1984)).

Title VII contains its own exclusive venue provision. *Gwin v. Reynolds & Reynolds Co.*, No. 01 C 770, 2001 WL 775969, at *1 (N.D. Ill. July 10, 2001) (collecting cases); *see also Powell v. Sparrow Hosp.*, No. 09 C 3239, 2010 WL 582667, at *2 (N.D. Ill. Feb. 12, 2010) ("In all actions brought pursuant to Title VII, venue is determined pursuant to the statute's exclusive venue provision without consideration of 28 U.S.C. § 1391."). For Title VII claims, venue is proper:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

For venue to be proper, a plaintiff need establish only one of the Title VII venue provisions. *Gwin*, 2001 WL 775969, at *1 (citing *McDonald v. American Fed'n of Musicians*,

308 F. Supp. 664, 669–70 (N.D. Ill. 1970)); *see also Cox,* 1997 WL 619839, at *2.

Spireon makes several arguments to refute Graham's choice of venue.[2] First, Spireon argues that venue is improper because the alleged unlawful practice—the decision to terminate Graham—did not occur in Illinois. Spireon next asserts that their records are not stored in Illinois and that they do not have an office in Illinois. Lastly, Spireon claims that venue is improper in this district because Graham would not have continued to work in Illinois but for his termination.

We disagree with Spireon's third argument. The facts show that Graham was living and working in Illinois and would have continued to do so if he had not been terminated. According to Graham, he has been living in Will County, Illinois since 2002. (Resp., Ex. A, Graham Aff. ¶ 1.) While employed with Spireon, Graham claims that he worked out of his home office in Plainfield, Illinois. (*Id*. ¶ 10.) Moreover, according to Graham, he drove from his home in Illinois to Spireon's clients in Illinois and Indiana. (*Id*.) Graham has also submitted flight records showing that he frequently traveled in and out of Chicago O'Hare International Airport. (Resp., Ex. Q.) He claims that some of these flights were to attend conferences on Spireon's behalf and that Spireon reimbursed him for these business related flights. (Resp., Ex. A, Graham Aff. ¶ 11.) Pursuant to the venue provisions of 42 U.S.C. § 2000e-5(f)(3), it is sufficient that Graham offers evidence that he worked in Illinois and would have continued to do so if he had not been terminated. *See Digan v. Euro-American Brands, LLC*, No. 10-cv-799, 2010 WL 3385476, at *1, 3 (N.D. Ill. 2010) (finding that although plaintiff's complaint alleged "few facts," venue was proper because she "lived and worked in Illinois . . . and that she would have continued to work in Illinois had she not been terminated"); *see also Kempf v. Mitsui Plastics,*

---

[2] Defendants do not contest personal jurisdiction. We further assume we have personal jurisdiction because Graham claims he was living in Illinois and received notice of his termination in Illinois.

*Inc.,* No. 95 C 4258, 1996 WL 31179, at *1 (N.D. Ill. Jan. 25, 1996) (even though plaintiff was a traveling sales representative and responsible for sales in multiple states, plaintiff satisfied the third provision of 42 U.S.C. § 2000e-5(f)(3) by claiming that she worked in the district and would have continued to do so if she had not been terminated).

To refute Graham's claims that he was living and working in Illinois while employed with the company, Spireon explains that their records indicate Graham's residence was first in California and then in Florida. (Mem., Ex. C, at 1; Ex. A, Spellman Aff. ¶ 18.) Under 42 U.S.C. § 2000e-5(f)(3), however, residence alone does not establish proper venue. *See*, *e.g.*, *Sabay v. Reno*, No. 95 C 2325, 1996 WL 167332, at *3 (N.D. Ill. 1996) (finding that venue was not proper in the district where plaintiff resided); *see also Younis v. Pinnacle Airlines, Inc.*, No. 06 C 0763 C, 2007 WL 5595929, at *1–2 (W.D. Wis. May 10, 2007) (recognizing that a plaintiff's residence is not one of the provisions of 42 U.S.C. § 2000e-5(f)(3) and transferred the action because the only connection with the district was that plaintiff, a pilot in training, resided there); *see also*, *Benton v. England*, 222 F. Supp. 2d 728, 731 (D. Md. 2002) (finding that "plaintiff's place of residence is not one of the three options for venue provided for by 42 U.S.C. § 2000e-5(f)(3)").

We reasonably infer from this line of cases that if a plaintiff's residence is not sufficient to establish venue under 42 U.S.C. § 2000e-5(f)(3), it is equally insufficient to overcome a plaintiff's choice of venue where other provisions of 42 U.S.C. § 2000e-5(f)(3) are satisfied. Spireon's corporate records indicating Graham's address as Florida or California thus are not enough to overcome our presumption in favor of Graham. *See Cox,* 1997 WL 619839, at *1. Graham has met one of Title VII's venue provisions for the Northern District of Illinois, namely, that he would have worked in Illinois but for his termination.

**Conclusion**

For the above reasons, we deny Spireon's motion to dismiss and motion to transfer venue. It is so ordered.

*/s/ Marvin E. Aspen*

Dated: Chicago, Illinois
July 25, 2014